IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD ODELL MARTIN, #1373917, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:08-CV-2059-M |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined at the Boyd Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Teague, Texas. Respondent is the Director of TDCJ-CID. The court has not issued process in this case, pending preliminary screening.

Statement of Case: Following his plea of not guilty, a jury convicted Petitioner of sexual assault of a child and assessed punishment at 20 years imprisonment. *State v. Martin*, No.

22,827 (196th Judicial District Court, Hunt County, Mar. 9, 2006).¹ The Sixth Court of Appeals affirmed his conviction. *Martin v. State*, No. 06-06-00080-CR (Tex. App. -- Texarkana, Jan. 9, 2007, no pet.). Petitioner did not file a petition for discretionary review.²

Subsequently, on May 12, 2008, Petitioner filed a state habeas application, pursuant to art. 11.07, Texas Code of Criminal Procedure, challenging his conviction. The Texas Court of Criminal Appeals (TCCA) denied the application without written order on July 16, 2008. *Ex parte Martin*, WR-70,151.01.³

On November 18, 2008, Petitioner filed this federal petition. He challenges his conviction on the basis of actual innocence, ineffective assistance of counsel, denial of due process, and lack of sufficient evidence.⁴

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).

---

¹ The jury also convicted Petitioner of two counts of injury to a child by sexual contact for which it assessed punishment at ten years' imprisonment. Petitioner has not challenged the indecency charges in either state or federal court.

² The docket sheet for Petitioner's direct appeal is available at: //www.6thcoa.courts.state.tx.us/opinions/case.asp?Filing ID=6912.

³ The docket sheet is available at http: //www.cca.courts.state.tx.us/opinions/Case.asp?Filing ID=260628.

⁴ For purposes of this recommendation, the petition is deemed filed on November 7, 2008, the date Petitioner signed it and presumably placed it in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner alleges no state-created impediment under 28 U.S.C. § 2244(d)(1)(B) that prevented him from timely raising his grounds for relief. Nor does he base his grounds on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting his grounds became known prior to the date on which his conviction became final. Therefore, the court calculates the one-year statute of limitations from the date on which Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

Since Petitioner did not file a petition for discretionary review (PDR), his conviction became final on February 8, 2007, thirty days after the judgment was affirmed. *See* Tex. R. App. Proc. 68.2(a) (a PDR must be filed within thirty days of either the date on which the judgment is affirmed, or the last timely motion for rehearing is overruled by the court of appeals); *Flores v. Quarterman*, 467 F.3d 484, 485 (5th Cir. 2006), *cert. denied*, 127 S. Ct. 2909 (2007) (conviction final thirty days after judgment was affirmed because no PDR). Thus, the one-year limitations period began to run on February 9, 2007, the day after Petitioner's conviction became final, and

expired on year later on February 8, 2008.

While 28 U.S.C. § 2244(d)(2) tolls the limitations period during the pendency of a properly filed state habeas application, statutory tolling is unavailable in this case. Petitioner filed his state habeas application on May 12, 2008, about three months *after* the one-year period had elapsed. *See* Attachment I (for copy of first page of the art. 11.07 writ); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (no statutory tolling when state application filed after one-year period has expired). Therefore, the federal petition deemed filed on November 7, 2008, about nine months after the one-year period had elapsed, is clearly time barred absent equitable tolling.

In response to the court's show cause order, Petitioner pleads "actual innocence," pro se status, and ineffective assistance of counsel. To the extent Petitioner asserts his actual innocence precludes the dismissal of his § 2254 petition, his claim is meritless. The one-year limitations period contains no explicit exemption for litigants claiming actual innocence of the crimes of which they have been convicted.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

This is not a case in which Petitioner pursued "the process with diligence and alacrity."

4

*Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). He delayed at length before filing his state habeas application, waiting more than fifteen months after his conviction became final. Following the denial of his state writ, Petitioner waited an additional 113 days before mailing his federal petition. Petitioner provides no reason to excuse either delay. Generally, unexplained delays make the circumstances of a case not extraordinary enough to qualify for equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (unexplained six-month delay after the state court denied the state petition); *Basalo v. Cockrell*, 2003 WL 21653864, *4 - 5, 3:02cv596-H (N.D. Tex., 2003) (accepting findings) (unexplained delay of eleven months between the date the conviction became final and the date of filing of the state habeas petition). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Likewise any claim that Petitioner's actual innocence should equitably toll the limitations period is meritless. A claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *United States v. Riggs*, 314 F.3d 796, 800 n. 9 (5th Cir. 2002). Moreover, Petitioner has not shown that he has reliable new evidence that establishes he is actually innocent of the underlying crime. *See Schlup v. Delo*, 513 U.S. 298, 329, 115 S. Ct. 851 (1995). His response to the show cause order fails to outline any alleged newly discovered evidence that was not presented at trial. Rather he complains that he was coerced into making a false statement without the benefit of an

5

attorney, and that the victim "committed aggravated perjury."[5]

Petitioner's *pro se* status and unfamiliarity with the law do not support equitable tolling. *Felder v. Johnson,* 204 F.3d 168, 172-73 (5th Cir. 2000) (ignorance of law and *pro se* status held insufficient for purposes of equitable tolling); *United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993) (holding pro se status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ). Nor does his counsel's alleged ineffective assistance at trial justify equitable tolling in this case. *See Abshire v. Quarterman*, 3:08cv0130-M (N.D. Tex. 2008) (counsel's ineffective assistance at trial, which preceded te date on which Petitioner's convictions became final, was irrelevant for purposes of equitable tolling).

The party seeking equitable tolling bears the burden to show entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Because Petitioner has not carried his burden of showing that equitable tolling is warranted, the District Court should not, in the exercise of discretion, apply equitable tolling in this case.

RECOMMENDATION:

For the foregoing reasons it is recommended that the habeas corpus petition be DISMISSED with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. §

---

[5] An actual innocence claim carries a heavy burden:

> To establish the requisite probability that he was actually innocent, the [petitioner] must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence."

*Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schlup*, 513 U.S. at 327 (1995)); *accord Finley v. Johnson*, 243 F.3d 215, 221 (5th Cir. 2001); *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999).

2244(d)(1).

It is further recommended that petitioner's motion to appoint counsel, attached to the federal petition be DENIED.

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 27th day of January, 2009.

_____/s/ Wm. F. Sanderson, Jr._____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT**